UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN CALLAHAN,<br>Plaintiff,<br>v.<br>MARK SELING, et al.,<br>Defendants. | Case No. C01-5453RBL<br><br>REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>**Noted for: OCTOBER 7th, 2005** |

This 42 U.S.C. § 1983 matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the Court is Defendant's Motion for Summary Judgment. (Dkt. # 79).

Plaintiff has responded. (Dkt. # 85). Defendants have replied. (Dkt. # 86). This matter is now ripe for review.

**SUMMARY JUDGMENT STANDARD**

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 253 (1986); *T*. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. *Id.*

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

**FACTS**

Plaintiff filed this action pursuant to 42 U.S. C. § 1983. The only remaining issue is Plaintiff's allegation that the defendants imposed "punishment" without due process. All other claims have been dismissed. (Dkt. # 72). The named defendants in this action are Mark Seling,

Vince Gollogly, Alan McLaughlin, Timothy Brown, Dennis Braddock. and Al Nerio. (Dkt. # 79, page1).

On August 24th, 1998 plaintiff and inmates working in the kitchen area exchanged verbal taunts. Plaintiff then invited an inmate kitchen worker to step out and fight and the kitchen worker accepted that invitation. Blows were exchanged but SCC and DOC staff quickly interceded. (Dkt. # 79. Pages 4 to 6); (Dkt. # 85).

Plaintiff was taken to a segregation unit run by DOC following this incident and he brings this claim alleging he was punished without due process. The expanded record now before the court shows that plaintiff's behavior was considered as a treatment issue and treatment staff who are not named as defendants in this action met with him. A treatment plan was developed that allowed plaintiff to come out of segregation when he complied with the treatment plan and accepted responsibility for his actions. Plaintiff was released back into the regular housing on September 9th, 1998 after he admitted to calling the inmate out to fight. No "punishment" was imposed. (Dkt. # 79).

The treatment provider who met with plaintiff in segregation to discuss the incident and allowed him an opportunity to be heard was Carol Bennett. By plaintiff's own admission he refused to discuss the incident with her when given an opportunity to do so. (Dkt. # 85, page 9). A treatment plan was implemented by Ms. Bennett and Mr. Sowers that allowed plaintiff to return to the regular living area of the Special Commitment Center if he followed the rules of the Intensive Management Unit, stopped demanding things and began asking for things politely, stopped using profane language and making derogatory or threatening gestures to staff, and did not threaten people with physical harm or litigation. (Dkt. # 81, Declaration of Jerry Dixon, Attachment F).

Mr. Callahan was encouraged to identify and document the behaviors that resulted in his confinement in segregation and strategies to manage his misbehavior. (Dkt. # 81, Declaration of Jerry Dixon, Attachment F). He was assessed weekly and released from segregation when he accepted responsibility for his actions and admitted to calling the inmate out to fight. (Dkt. # 81, Declaration of Jerry Dixon, Attachment G, pages 11 and 12).

**DISCUSSION**

A. Personal Participation.

Liability for monetary damages in a 42 U.S.C. action is premised on plaintiff being able to show that (1) a right or duty owed him has been breached (2) by a person acting under color of State law and (3) the breach of that duty has led to damages to the plaintiff. Leer v. Murphy, 844 F. 2d. 628, 632 (9th Cir. 1988). By plaintiff's own admission defendants Dennis Braddock, Vince Gollogly, Alan McLaughlin, and Timothy Brown did not work at the Special Commitment Center until after September 9th, 1998. Thus, they could not have played any part in the incidents surrounding the placement of plaintiff in segregation. These defendants are entitled to dismissal from this action for lack of personal participation. Plaintiff fails to show that either of the remaining two defendants played any part in the decision to house him in Segregation or in formulation or implementation of his treatment plan.

B. Mental Health Treatment.

1. The standard of care.

The standard is deferential to the professionals providing treatment and gives them wide latitude in developing treatment regimens for sex offenders. Kansas v. Hendricks, 521 U.S. 346, 368 n.4 (1997). Here, after an altercation with an inmate, plaintiff was placed in a secure environment until he admitted to misbehavior. He became compliant with a treatment plan that required him to identify the misbehavior and develop strategies to manage his behavior and he was then released from segregation.

Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to the claim on which the party will bear the burden of proof at trial. Celtox Corp. v. Catrett, 477 U,S. 317, 322 (1986); Lujan v. National Wildlife, 497 U.S. 871, 885 (1990).

Plaintiff would have to show that the treatment offered to him did not meet the deferential professional judgment standard set forth in Youngberg v. Romero, 457 U.S. 307(1982). Plaintiff has failed to show that any aspect of the treatment that was offered to him did not meet this standard or

was punishment. The Defendants are entitled to Summary Judgment on the only remaining issue in this action as plaintiff was not subjected to punishment within the meaning of the !4th Amendment of the United States Constitution. Accordingly, the Motion for Summary Judgement should be granted and this issue **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the reasons outlined above defendant's Motion for Summary Judgment should be **GRANTED**. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **OCTOBER 7th, 2005**, as noted in the caption.

DATED this 13th, day of September, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge